**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>vs.<br><br>DEBORAH SANDOVAL<br>SALVADOR SANDOVAL, JR.,<br>    Defendants. | Criminal Case No. 21-cr-00195<br><br><br>**DEFENDANT SALVADOR<br>SANDOVAL'S<br>REPLY BRIEF AND ARGUMENT** |

**COMES NOW,** Defendant Salvador Sandoval, Jr., by and through counsel, and for his Reply Brief and Argument states to the Court as follows:

1. Defendant Salvador Sandoval filed a Motion in Limine in this matter on July 19, 2022. The Government filed their Response on August 2, 2022.

2. The Government contends the Defendant's motion was too generic and not specific. The Government has provided thousands of hours of video as it relates to activities at the U.S. Capitol on January 6, 2020. Almost none of the videos show the presence of the Defendant. Sandoval's overriding concern is guilt by association if the Government is allowed to introduce videos depicting violent encounters from January 6, 2020, in areas where the Defendant was not present. As such, a generic motion is in order. The Defendant concedes some of the videos against the Defendant has relevance. However, such videos should be excluded for the following reasons:

    a. <u>Federal Rule of Evidence 403</u> states:

    "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Defendant Sandoval entered the East side of the Capitol after Facetime videoconferencing with his mother while she was inside the West side of the Capitol. Salvador's mother showed videos of paintings and statues in the Rotunda. The video sent by his mother depicts people

merely browsing around the rotunda. The atmosphere in the rotunda was peaceful and non-violent.

Defendant Salvador entered the east side of the Capitol. Within a short period of time, tear gas was sprayed by various Governmental officers. Salvador was in the rotunda for approximately 15 minutes. He eventually exited the Capitol. Salvador concedes that evidence of his presence while in the rotunda is relevant. However, evidence depicting violence by others in areas beyond the rotunda where Salvador was never present will confuse the issues, and any probative value is substantially outweighed by undue prejudice. The United States Court of Appeals for the District of Columbia Circuit in 2005 in *United Sates v. Robert Garner*, 396 F.3d 438, cited the United States Supreme Court decision of *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), to wit: "… the United States Supreme Court held that the district court abused its discretion when, in a felon-in- possession prosecution, it rejected the defendant's offer to concede the fact of a prior felony conviction

Page 441

and admitted under Rule 404(b) evidence (the prior order of judgment and commitment) identifying the predicate felony as assault. The Supreme Court premised its decision, however, not on Rule 404(b) but on Rule 403, which authorizes the trial court to exclude otherwise "relevant evidence ... if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See Old Chief,* 519 U.S. at 180, 117 S.Ct. at 650 ("The principal issue is the scope of a trial judge's discretion under Rule 403, which authorizes exclusion of relevant evidence when its `probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" (quoting Fed. Rule Evid. 403)).  The Court emphasized, as the language of Rule 403 makes clear, that the evidence excluded under Rule 403 as unfairly prejudicial nonetheless remains "relevant" and "admissible" under Federal Rules of Evidence 401 and 402. *See* 519 U.S. at 179, 117 S.Ct. at 650 ("If ... relevant evidence is inadmissible in the presence of other evidence related to it, its exclusion must rest not on the ground that the other evidence has rendered it `irrelevant,' but on its character as unfairly prejudicial, cumulative or the like, its relevance notwithstanding." Garner at 440-441.

The Government in its resistance alleges it intends to refer to evidence related to "the Oath Keepers, Proud Boys or other groups".  This District Court has wide discretion in determining the balance test of relevant evidence under Federal Rules of Evidence 403. The previously cited U.S. Supreme Court decision in *Old Chief*, *supra*, is applicable with respect to the Oath Keepers, et al and this evidence is not admissible under the Rule 403 balancing test. In fact, there is no evidence of any sort that there is a nexus between Salvador and the Oath Keepers. Any such evidence presented by the Government would obviously be highly inflammatory and bears little probative value. When applying the Rule 403 balance test, the undue prejudicial nature of the evidence substantially outweighs any probative value.

With respect to the Government's evidence pursuant to 1512(c)(2), the anticipated exhibits they intend to introduce, i.e., "the radio runs show that officers struggled to protect members of congress who had assembled to certify the electoral vote". The Government has not provided in its resistance to our motion any evidence that Salvador had knowledge of such proceeding for certification, or evidence of him knowingly acting corruptly.  The Government additionally intends to introduce evidence of "closed-circuit footage of the riot", etc. Similarly, the Government offered

no evidence of Salvador's presence during an actual "riot" in its resistance. Such evidence must be excluded under Rule 403.

The Government claims that Salvador has no legal basis to assert self-defense based merely on various counts of alleged assaults. The Government's resistance presupposes guilt on the various assault allegations and ignores the time-honored principal of presumption of innocence. Salvador contends that he had a legal basis to claim self-defense of others. The Government's argument that Salvador has no legal basis to claim self-defense is premature and the Court should make that determination after the presentation of all the evidence, including the Defendant's. At the close of all the evidence, Salvador will submit to the Court a proposed self-defense instruction.

The Government contends evidence of Salvador possessing a backpack with ready-made meals, an AR-15 Rifle, a burner phone and deletion of social media sites are evidence of a guilty conscience. The Government does, in fact, concede that all those acts are perfectly legal and is not evidence of flight. However, they contend those acts are a consciousness of guilt, and contend "consciousness of guilt, including attempts to evade law enforcement is probative to the charged offences and should be admitted under Rule 404(b)". We do not understand the Government's logic. The Government's argument begins by conceding that all of Salvador's acts relating to the contents of his backpack are legal. However, the Government concludes in the very same paragraph that such evidence is probative of a consciousness of guilt. That may satisfy an Orwellian logician in *1984*, but should not apply to Salvador in 2022. The evidence lacks probative value and is purely speculative. Moreover, such evidence should excluded pursuant to the balancing test under Rule 403.

WHEREFORE, Salvador Sandoval, Jr. requests this Honorable Court grant his Motion in Limine.

**RESPECTFULLY SUBMITTED:**  **KUTMUS, PENNINGTON & HOOK, PC**

    /s/ William Kutmus
William Kutmus AT0004450
Bill@KPHlawfirm.com


    /s/ Trever Hook
Trever Hook AT0003580
5000 Westown Parkway, Suite 310
West Des Moines, IA 50266
Phone:  (515) 288-3339
Fax:  (515) 288-8629
Trever@KPHlawfirm.com
**ATTORNEYS FOR DEFENDANT**
**SALVADOR SANDOVAL, JR.**

## CERTIFICATE OF SERVICE

    I hereby declare that on August 9, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Mr. Louis Manzo
Department of Justice
1400 New York Avenue NW
Washington, DC  20002

    /s/ Jodi Nissen