## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal Action No. 21-cr-195 (TFH)** |
| **DEBORAH SANDOVAL** | |
| **and** | |
| **SALVADOR SANDOVAL, JR.,** | |
| **Defendants.** | |

## <u>ORDER</u>

Having considered Defendant Salvador Sandoval's Motion for Change of Venue [ECF No. 45]; Defendant Deborah Sandoval's Motion to Adopt Co-Defendant's Motion to Change Venue [ECF No. 46]; and the arguments made by counsel at the June 6, 2022, Motions Hearing, the court will deny both motions without prejudice.

As a preliminary matter, both Defendants' arguments for transfer largely rest on the idea that a trial in Washington, D.C. "would prevent [them] from being tried before an impartial jury guaranteed by the Fifth and Sixth Amendments of the United States Constitution." *See* Def. Mot. at 4 [ECF No. 45]; *see also* Def. Mot. to Adopt at 3 [ECF No. 46] ("[A]n unbiased group of individuals would be virtually impossible to come by under the current state of affairs and the small geographic area from which the jurors will be selected."). Because both defendants have now agreed to a bench trial, these constitutional concerns are no longer relevant. To the extent the Defendants' motions rely on the Fifth and Sixth Amendment's right to an impartial jury, they are moot.

Even if the Court were to have addressed these motions prior to the defendants' agreeing to a bench trial, transfer would not have been appropriate. This is not the "extreme case" that requires transfer "where extraordinary local prejudice will prevent a fair trial." *See Skilling v. United States*, 561 U.S. 358, 378, 381 (2010). As at least nine other judges in this District have

found when addressing similar motions in January 6th cases, there is not enough evidence of prejudice in Washington D.C. to warrant transfer. *See* Omnibus Order at 10-11, *United States v. Caldwell*, 21-cr-28 (APM) (D.D.C. Sept., 14, 2021), ECF No. 415; *United States v. Bochene*, 579 F.Supp. 3d 177 (D.D.C. 2022) (RDM); *United States v. Strand*, No. 21-cr-85 (CRC) (D.D.C. Aug. 17, 2022), ECF No. 89; Minute Entry, *United States v. Williams*, No. 21-cr-377 (BAH) (D.D.C. June 10, 2022); Minute Order, *United States v. Reffitt*, No. 21-cr-32 (DLF) (D.D.C. Oct. 15, 2021); *United States v. Garcia*, No. 21-cr-0129 (ABJ) (D.D.C. July 22, 2022), ECF No. 83; *United States v. Brooks*, No. 21-cr-503 (RCL) (D.D.C. Jan. 24, 2022), ECF No. 31; *United States v. Alford*, No. 21-cr-263 (TSC) (D.D.C. Apr. 18, 2022), ECF No. 46. As every one of these decisions has found, under the long-held D.C. Circuit precedent in *United States v. Haldeman,* proper *voir dire*, not transfer, is the appropriate way to ensure a fair trial for January 6 defendants. *See* 559 F.2d 31, 64 (D.C. Cir. 1976) (finding it is the "well established procedure" in this circuit to "refus[e] [defendants'] pre-*voir dire* requests for ... a change of venue.").

Most notably, Judge Berman-Jackson rejected the very survey upon which Mr. Sandoval relied on to demonstrate prejudice requiring transfer. Def. Mot. at 4 ("Based upon the results of the Zogby Survey, Defendant Sandoval would be confronted with undue prejudice in the District of Columbia"). There, as here, the Zogby poll does not "supply persuasive evidence that the D.C. jury pool is prejudiced against the defendant." *See Garcia*, No. 21-cr-0129 (ABJ), at *20. Further, while the defendants both argue that "pretrial publicity" will prevent them from obtaining a fair trial in this Court, neither point to a single local news article about January 6, let alone about the defendants themselves, that would suggest Washington, D.C. in particular is a poisoned venue. Def. Mot. at 3; Def. Mot. to Adopt at 2. As other Judges in this District have pointed out, most of the publicity surrounding January 6 is *national*, so transferring the case to another district would do nothing to lessen its prejudicial impact. *See Caldwell*, 21-cr-28 at *11; *Garcia*, 21-cr-129 at *20. The defendants here offer no reason to depart from this Circuit's well-established precedent and the rulings of other judges in this District. Even if the defendants had not agreed to proceed to a non-jury trial, their scant recitations of failed arguments do nothing to convince this Court that transfer would have been necessary.

For the foregoing reasons, this Court **DENIES** Salvador Sandoval's Motion to Transfer Venue and Deborah Sandoval's Motion to Adopt Co-Defendant's Motion.

**SO ORDERED.**

November 18, 2022

Thomas F. Hogan
United States District Judge