# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>vs.<br><br>SALVADOR SANDOVAL, JR.,<br>    Defendant. | Criminal Case No. 21-cr-00195<br><br><br><br>**TRIAL BRIEF** |

## TRIAL BRIEF

**COMES NOW,** Salvador Sandoval, through his counsel, William L. Kutmus and Trever T. Hook, and submits the following Trial Brief:

The defendant Sandoval is charged with, among other counts, four counts of violating 18 U.S.C. § 111(a)(1); and specifically, and allegedly, by forcibly committing one or more of the following acts—assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the Metropolitan Police Department; but above and beyond that, while such officer(s) were engaged in official duties and there was physical contact initiated by the accused Sandoval with the officer(s) or during the accused's attempt to commit another felony. (Indictment; Counts 2, 3, 4 and 5.) And the indictment doesn't tell us much at all as to what Sandoval supposedly did to violate this section of the criminal code (indeed, neither do all the other counts leveled against him—other than providing a date and time, we are factually told *nothing at all* what this defendant supposedly did.

That said, and after some exchange of information, the best that Sandoval can come up with is that the government complains that, on that January 6, 2021 day, Sandoval purportedly pushed an officer off of him who ran (or otherwise was pushed) into Sandoval, pushed an officer away from a person who was prone on the ground in a defenseless state, and made contact (twice) with riot shields held by officers (without otherwise physically touching the officers themselves).

Given the bare-bones allegations of the indictment (basically, just summarizing the

purported statute without providing meaningful factual support other than date and time) it behooves us to first consider the actual terms of the statute. The statute provides (with the following elements): Whoever

        (1) forcibly assaults, resists, opposes, impedes, intimidates, or interfers

        (2) with [a metropolitan police officer]

        (3) while engaged in or on account of the performance of official duties

        (4) where such acts involve physical contact with the officer of that assault or the intent to commit another felony is guilty of violating § 111(a)(1).

Under the language of the statute, there are three levels of forcible assault specified: (1) simple assault, (2) 'all other cases' of forcible assault, namely instances of forcible assault that involve physical contact with the victim of the assault or the intent to commit another felony; and (3) 'all other cases' of forcible assault where the defendant uses a deadly or dangerous weapon or inflicts bodily injury." *United States v. Gutierrez,* 745 F.3d 463, 467 (11th Cir. 2014). A "simple assault" is a willful attempt to inflict injury on another, including a threat with present opportunity, with reasonable apprehension of the same in the victim, but where no physical contact occurs. *Id.* For simple assault, the maximum penal penalty is one year. 18 U.S.C. § 111(a)(1). And for two of the four indictment charges under this section, we will see that the government will not prove actual physical contact between Sandoval and the person of the involved officer; instead, any such contact was with riot shields held by two of the officers. And in any case, where the contact—person-to-person or otherwise—was initiated by the officer, the defendant is not considered to have "inflicted" the assault let alone any resulting injury. *United States v. Zahawa,* 719 F.3d 555 (6th Cir. 2013).

The government for each of the § 111 indictment charges alleges that Sandoval committed the assault offense by initiating actual physical contact with the officer (but not by using a weapon or other device that inflicted injury on the officer). For this assault level, a defendant like Sandoval can be guilty of the §111(a)(1) offense indictment charge only if he (a) "forcibly assaulted" the person described in the indictment, (2) the person assaulted was a Federal officer performing an official duty, (3) the defendant's acts resulted in physical contact with the person assaulted or involved the intent to commit another felony and (4) the other elements of the simple assault offense charge, including the "willful attempt" to inflict injury, are shown. (Sandoval is not charged under subsection (b) of the statute, the most serious charge, which includes an actual bodily injury element.) *Gutierrez,* 745 F.3d at 467.

With respect to these offense elements, a "forcible assault" is "an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate"; that is, the defendant must have "the present ability to inflict bodily harm upon another" combined with the attempt (intent) to do so. 11 Cir. Uniform Instruction O1.1; 8th Cir. Uniform Instruction 6.18.111. And the adverb "forcibly" applies to "each of the six alternative acts [verbs] that violate § 111"—not just the first listed "assault" alternative act; this is based on the wording of the statute, the Series-Qualifier Canon of statutory interpretation, and as "a matter of grade-school grammar" (an adverb "necessarily modifies each of the listed verbs that follow it"). *United States v. Wilkins,* 25 F.4th 596, 600-01 (8th Cir. 2022) (citing *United States v. Gumbs,* 964 F.3rd 1340, 1347 (11th Cir. 2020), *cert. denied,* 141 S. Ct. 128 (2021)).

Whether the assault victim was in fact acting as an officer or employee, and whether he or she was performing federal "investigative, inspection, or law enforcement functions" at the time of the assault is a fact question that the government must prove beyond a reasonable doubt. *United*

*States v. Oakie,* 12 F.3d 1436, 1440 (8th Cir. 1993). To be "engaged in . . . the performance of [the officer's] official duties" thus means the officer at the time of the assault was acting within the scope of his employment as opposed to carrying out personal business or engaging in a private matter. *United States v. Street,* 66 F.3d 969, 978 (8th Cir. 1995).

The government must show the assault was intentional (based on the "willful" requirement, even though that particular term does not appear in the statute itself). *United States v. Feola,* 420 U.S. 671, 684 (1975); *Potter v. United States,* 691 F.2d 1275, 1280 (8th Cir. 1982). That burden requires a showing that the defendant acted "voluntarily and intentionally" under the beyond a reasonable doubt standard. *United States v. Hanson,* 618 F.2d 1264-65 (8th Cir. 1980). The bodily injury intended to be inflicted must at the minimum constitute some type of injury to the body, however temporary, such as a cut, abrasion, bruise, burn or the like. *United States v. Myers,* 972 F.2d 1566, 1573 (11th Cir. 1992); *see also* 18 U.S.C. § 1365(g)(4). (However, actual bodily injury need not be shown as the defendant Sandoval is not charged under subsection (b) of the statute, where such actual injury is an element of that offense.)

In a final comment concerning the assault statute, the defendant Sandoval has raised as an affirmative defense to each of the § 111 indictment charges the doctrine of self-defense. While it is true the government does not have to prove Sandoval knew the alleged victims were Metropolitan Police officers (the status or identity element is a question of law for the court), Sandoval nonetheless cannot be found guilty if he acted from the mistaken belief that he or another was threatened with an intentional tort (such as assault or offensive touching) by a private citizen— and the evidence will show that the environment Sandoval found himself in on that January 6th day was at times chaotic. *United States v. Young,* 464 F.2d 160 (5th Cir. 1972); *United States v. Danehy,* 680 F.2d 1311 (11th Cir. 1982); *United States v. Lynch,* 58 F.3d 389, 391-92 (8th Cir. 1995). Thus,

self-defense does depend on the defendant's state of mind, and the defense is shown when the defendant acted on a reasonably good-faith belief that self-defense was necessary to protect against an assault by a private citizen, and there exists reasonable doubt that the defendant knew that private citizen in fact was a federal officer. *Id.; see also Feola,* 420 U.S. at 686.

| | |
|---|---|
| **RESPECTFULLY SUBMITTED:** | **KUTMUS, PENNINGTON & HOOK, PC** |
| | /s/ William Kutmus |
| | William Kutmus AT0004450 |
| | Bill@KPHlawfirm.com |
| | |
| | /s/ Trever Hook |
| | Trever Hook AT0003580 |
| | 5000 Westown Parkway, Suite 310 |
| | West Des Moines, IA 50266 |
| | Phone: (515) 288-3339 |
| | Fax: (515) 288-8629 |
| | Trever@KPHlawfirm.com |
| | **ATTORNEYS FOR DEFENDANT** |
| | **SALVADOR SANDOVAL, JR.** |

## CERTIFICATE OF SERVICE

I hereby declare that on December 8, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Mr. Brian Brady
Ms. Holly Grosshans

/s/ Jodi A. Nissen