**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

SALVADOR SANDOVAL,

Defendant.

Criminal Action No. 21-195-02 (CKK)

**MEMORANDUM OPINION AND ORDER**
(August 3, 2023)

This matter is set for sentencing on August 7, 2023. On December 7, 2021, a federal grand jury returned a superseding indictment charging Salvador Sandoval ("Mr. Sandoval" or "Defendant") with twelve counts (which includes six misdemeanors).[1] The counts are as follows:

(1) *Civil Disorder*, in violation of 18 U.S.C. § 231(a)(3);

(2) *Assaulting, Resisting, or Impeding Certain Officers*, in violation of 18 U.S.C. § 111(a)(1);

(3) *Assaulting, Resisting, or Impeding Certain Officers*, in violation of 18 U.S.C. § 111(a)(1);

(4) *Assaulting, Resisting, or Impeding Certain Officers*, in violation of 18 U.S.C. § 111(a)(1);

(5) *Assaulting, Resisting, or Impeding Certain Officers*, in violation of 18 U.S.C. § 111(a)(1);

(6) *Obstructing an Official Proceeding or Aiding and Abetting*, in violation of 18 U.S.C. § 1512(c)(2), 2;

(7) *Entering and Remaining in a Restricted Building or Grounds*, in violation of 18 U.S.C. § 1752 (a)(1);

(8) *Disorderly and Disruptive Conduct in a Restricted Building or Grounds*, in violation of 18 U.S.C. § 1752 (a)(2);

(9) *Engaging in Physical Violence in a Restricted Building or Grounds*, in violation of 18 U.S.C. § 1752(a)(4);

---

[1] According to the Probation Office, "Counts Ten, Eleven, and Twelve are Class B misdemeanors to which the Sentencing Guidelines do not apply." Presentence Investigation Report, ECF No. 136, at 20 (citing U.S.S.G. § 1B1.9).

1

(10) *Disorderly Conduct in a Capitol Building*, in violation of 40 U.S.C. § 5104(e)(2)(D);

(11) *Parading, Demonstrating, or Picketing in a Capitol Building*, in violation of 40 U.S.C. § 5104(e)(2)(G);

(12) *Act of Physical Violence in the Capitol Grounds or Buildings*, in violation of 40 U.S.C. § 5104(e)(2)(F).

On December 15, 2022, the Honorable Thomas Hogan (who handled this case prior to its transfer to the undersigned) convicted Mr. Sandoval of all of twelve offenses following a bench trial. Judge Hogan made oral rulings from the bench in support of the conviction on each charge. *See* Transcript of Bench Trial (December 14, 2022 morning session) ("Tr."), ECF No. 108, at 75-107.

Defendant's Sentencing: Question on Which Sentencing Guideline Section Applies to the Assault Charges Under 18 U.S.C. § 111 (a)(1)

On January 4, 2023, this case was reassigned to the undersigned, who set a schedule related to Defendant's sentencing. On June 23, 2023, the Probation Office filed its [134] Final Presentence Investigation Report ("PSR"), which states that "[t]he guideline for 18 USC § 111(a)(1) offenses is found in U.S.S.G. § 2A2.2 of the guidelines [and] [t]hat section [captioned "Aggravated Assault"] provides that an offense involving Assaulting, Resisting, or Impeding Certain officers has a base offense level of 14." PSR, ECF No. 134, at 11 (citing U.S.S.G. § 2A2.2(a)). That base offense level is adjusted by 6-levels because the victim was a government officer, and the offense of conviction was motivated by such status, and this results in a level 20 offense level. *Id.* (citing U.S.S.G. §§ 3A1.2(b) and (c)(1)).

On July 10, 2023, the Government filed its Sentencing Memorandum, which indicated that it agreed ultimately with the Probation Office's level calculation. The Government started with a base level of 10 pursuant to U.S.S.G. § 2A2.4(a) [ captioned "Obstructing or Impeding Officers"] but noted that "if the conduct constituted aggravated assault," pursuant to U.S.S.G. § 2A2.4(c), the

Court applies U.S.S.G. § 2A2.2, which has a base level of 14. Govt. Sent. Mem., ECF No. 136, at 15 (indicating that "Sandoval's conduct included assaults on law enforcement officers committed with the intent to commit another felony, namely the obstruction of an official proceeding charged in Count Six.")[2] *Id.* As noted already, this base level is adjusted upward by 6 levels to reflect that the victim was a government officer or employee and the offense was motivated by such status, so both the Government and the Probation Office calculate the Assault charges as level 20 offenses.

Defendant contends that while offenses under Section 111(a) "are indexed in the Sentencing Guidelines to both Sec. 2A2.2 and Sec. 2A2.4, in this case, U.S.S.G. 2A2.4 applies as opposed to U.S.S.G. 2A2.2. Because Mr. Sandoval disputes the appropriate Guideline to apply with regard to his Assault charges, this Court directed the Government to respond to this disputed issue, and the Government filed its [140] Response to Defendant's Sentencing Memorandum on August 1, 2023. This Court has reviewed Defendant's Sentencing Memorandum and the Government's Response as well as the cases cited in both and the record in this case before determining that U.S.S.G. §2A2.2 applies. As such, this Court sets out its analysis below.

Defendant explains that the Guidelines do not provide a definition of "aggravated assault," although it is defined in the Commentary to Section 2A2.2 as a "felonious assault that involved . . . (D) an intent to commit another felony."[3] Defendant notes that the trial court's verdict "made the special finding that Mr. Sandoval's conduct was done with the intent to commit another felony, i.e., "civil disorder" in violation of 18 U.S.C. Sec. 231" (Count 1), which makes the four Assault

---

[2] The Court notes that Judge Hogan found that Mr. Sandoval's Assault charges were committed "with the intent to commit the crime of civil disorder [count one] or obstruct[ing] an official proceeding as set forth in count six." Tr., ECF No. 108, at 76:19-78:21.

[3] The parties acknowledge that the definitional subsections (A), (B), and (C) do not apply.

3

charges felonies. Def.'s Sent. Mem., ECF No. 138, at 7.[4] Defendant argues first that the charge of Civil Disorder cannot be "another felony" for purposes of the cross-reference in §2A2.4(c)(1) because "the same offense conduct establishing two simultaneous crimes does not meet the requirement that there be an intent to commit "another felony" that would trigger the cross-reference [.]"[5] Def.'s Sent. Mem., ECF No. 138, at 14 (relying on analysis in *United States v. Hamner*, 21-cr-689).

In *Hamner*, the Honorable Amy Berman Jackson commented that "the cross reference [in Section 2A2.4] says you go to aggravated assault if the assault on the police officer involved the intent to commit another felony, not the same intent needed to satisfy the elements of another felony, not that it was committed during the commission of another felony." *Hamner* Sentencing Hearing Transcript, ECF No. 43 (in 21-cr-689), at 21:2-9. The Government distinguishes *Hamner* insofar as that case involved a conviction on a single count of Civil Disorder, 18 U.S.C. § 231(a)(3), while a charge under Section 111(b) and a second Civil Disorder charge remained pending. Govt. Response, ECF No. 140, at 6 (internal citations omitted). In *Hamner*, Judge Jackson "addressed the proper guideline for a violation of § 231, not whether a violation of § 111(a) would be an "aggravated assault" if it was committed with the intent to commit a civil disorder in violation of § 231." *Id.*

---

[4] The Court notes that Defendant does not address his charge for Obstructing an Official Proceeding.

[5] Defendant argues that "the key to answering" whether Mr. Sandoval should be sentenced based on "Aggravated Assault" (Section 2A2.2) or "Obstructing or Impeding Officers" (Section 2A2.4) under the Guidelines is to look to "the actual conduct of Mr. Sandoval in committing" the Section 111(a) violations. Def. Sent. Mem., ECF No. 138, at 9. More specifically, "does the evidence of the offense conduct reflect that Mr. Sandoval intended to "inflict injury" on any of the officers by his conduct or was he merely intending to interfere in their efforts to do their job. *Id.* at 9.

Defendant argues additionally that the Guidelines definition of "aggravated assault" – found in the Commentary – is not entitled to deference because "the commentary to the Sentencing Guidelines is not accorded the full force of the guideline, but rather is considered as 'an agency's interpretation of its own legislative rule.'" Def.'s Sent. Mem., ECF No. 138, at 16 (quoting *Stinson v. United States*, 508 U.S. 36, 44 (1993)). This Circuit has indicated that the Sentencing Guideline's application notes do not qualify for deference under *Stinson* if they "expand[ ] rather than interpret[ ] the Guideline." *United States v. Winstead*, 890 F.3d 1082, 1091 (D.C. Cir. 2018). Defendant looks also to *Kisor v. Wilkie,* where the Supreme Court established that there are limits to the deference courts give to an agency's interpretation of its own rules, and to be granted deference, the agency's interpretation must be of a regulation that is genuinely ambiguous. *Kisor*, 139 S. Ct. 2400, 2414-2418 (2019). "Genuine ambiguity is not determined based solely on the plain language of the regulation but instead, courts must exhaust the "traditional tools" of construction including considering the text, structure, and history and purpose of the regulation. *Id.* at 2415 (citations omitted).

In this case, Defendant points to Section 111(b) as the "aggravated" form of the felony, as opposed to the felony version of the Section 111(a) offenses. This Court notes that 18 U.S.C. § 111(b) provides an "enhanced penalty" of not more than 20 years imprisonment for assault involving a deadly or dangerous weapon, or infliction of bodily injury. While Defendant refers to this subsection as creating an "aggravated" form of the offense, that terminology is not used in the subsection, nor was Defendant charged under that subsection.

Accordingly, the Court finds that Defendant's analysis is flawed for two main reasons: (1) Mr. Sandoval ignores his conviction on Count Six – Obstruction of an Official Proceeding –and focuses solely on why Count One – Civil Disorder – cannot be "another felony" for purposes of

5

the cross reference in § 2A2.4(c)(1); and (2) Mr. Sandoval asks that this Court disregard the Guidelines' definition of aggravated assault. With regard to the first point, Defendant ignores that Judge Hogan found that Mr. Sandoval's Assault charges were committed "with the intent to commit the crime of civil disorder [count one] *or obstruct[ing] an official proceeding as set forth in count six*." Tr., ECF No. 108, at 76:19-78:21 (emphasis added). Judge Hogan noted that Count One (Civil Disorder), *inter alia*, involved committing an act "for the purpose of obstructing or impeding or interfering with one or more law enforcement officers," during a civil disorder. Tr., ECF No. 108, at 76, 90-92 (finding that a civil disorder is a public disturbance). In contrast, Count Six focused on defendant "obstruct[ing] or imped[ing] a congressional proceeding by engaging in conduct . . . [such as] violence . . . " Tr., ECF No. 108, at 102-103. The official proceeding in this case was "the carrying on Congress' requirement under the Constitution to proceed with the vote on the Electoral College report as to who would be president of the United States, that [defendant] intended to obstruct [.]" Tr., ECF No. 108, at 79. Defendant's analysis makes no mention of Count Six [where Congress was the victim] as "another felony," but instead focuses solely on Count One [where the police officers were the victims].

With regard to the second point, starting with U.S.S.C. § 2A2.4 [relating to obstructing or impeding officers], subsection (c)(1) provides that § 2A2.2 applies if "the conduct constituted aggravated assault." Looking at the Defendant's charges for Assaulting, Resisting, or Impeding Certain Officers, pursuant to 18 U.S.C. § 111(a), the Court notes that text makes no reference to "aggravated assault," but it does state in pertinent part that assault requires "forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimidat[ing], or interfer[ing] with any person designated in section 1114 of this title while [he or she is] "engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1). And where the acts in violation of that section "involve

physical contact with the victim of that assault or the intent to commit another felony," the assault is considered felonious assault and subject to a greater term of imprisonment, up to 8 years. *Id.* In this case, Judge Hogan found that Mr. Sandoval made physical contact with Officers Lazo, Choi, and Mendoza. Tr., ECF No. 108, at 77, 78, 99, 101 (noting physical contact for each of the four counts). As discussed above, Judge Hogan found also that the assaults were committed with the intent to commit the crimes charged in Counts One and Six. Accordingly, Defendant's Assault charges are felony charges.

The Government contends, and this Court agrees, that "Sandoval asks the Court to adopt novel interpretations of both 18 U.S.C. §111 and the Guidelines" when he argues that "only violations of 18 U.S.C. §111(b) can constitute 'aggravated assault.'" Govt. Response, ECF No. 140, at 4; *see also United States v. Williams*, 602 F.3d 313, 316 (5th Cir. 2010) (noting three separate offenses in 18 U.S.C. § 111: [in subsection (a)] a misdemeanor assault (simple assault); and 8-year felony assault (with physical contact or intent to commit another felony); and [in subsection (b)] a 20-year felony (assault with bodily injury or use of a dangerous/deadly weapon). Defendant's argument about Section 111(b) being aggravated assault was rejected earlier herein.

Relying on *Kisor* and *Winstead,* Defendant proffers further that the Court should ignore application of the definition of "aggravated assault" in the commentary of the Section A2.2 Guidelines. The Government contends however that:

> The commentary defining "aggravated assault" advises which of the two possible guidelines to apply to a particular assault, and the Guidelines are otherwise ambiguous as to how such a choice is to be made. The definition of "aggravated assault" therefore does not "expand" the Guidelines, but merely helps interpret the Guidelines in an ambiguous situation.

Govt. Response, ECF No. 140, at 5.

Moreover, the Government notes that Judge Hogan "specifically rejected this argument"

that *Kisor* "impacted the applicability [of] the commentary definition of 'aggravated felony.'" Govt. Response, ECF No. 140, at 5  (citing *United States v. Sargent*, 21-cr-258, Transcript of Sentencing Hearing, ECF No. [78], at 26) (where the defendant made this argument).  Judge Hogan found that "the definition of aggravated assault found in the commentary is appropriate under 2A2.2 . . . and is not overruled by *Kisor*." *Id.* at 27.  Judge Hogan also considered the *Hamner* sentencing in the *Sargent* case and he came "to a different conclusion" than Judge Jackson. *Sargent,* 21-cr-258, ECF No. 78, at 28.  In *Sargent*, at his sentencing, the defendant – who had grabbed at or struck an officer with his open hand – challenged the application of the cross-reference in § 2A2.4(c) to his assault charge.  Govt. Response, ECF No. 140, at 7.  Judge Hogan found that it applied specifically because "[the defendant] did have the intent to commit a separate offense, felony, and that is interfering with the process of Congress approving the Electoral College vote, and [he] engaged in civil unrest to do that." *Sargent*, 21-cr-248, ECF No. 78, at 30. The Government in this case asserts that "courts in this district" have "applied § 2A2.2 to defendants convicted under § 111 based on the fact that the defendant's assaults were committed with the intent to commit violations of either § 231 or § 1512."  Govt. Response, ECF No. 140 (string citing cases).

Accordingly, upon consideration of the parties' arguments, Mr. Sandoval's sentencing transcript, this Court's interpretation of the Guidelines, and the weight of case law authority, the Court concludes that Defendant's felonious assaults on the three police officers [set forth in Counts Two through Five] were aggravated assaults because they were committed with the intent to commit Civil Disorder and to Obstruct an Official Proceeding.   It is therefore this 3rd day of August 2023,

ORDERED that, pursuant to the cross reference in U.S.S.G. § 2A2.4(c), this Court finds

that Guideline § 2A2.2 is the appropriate guideline for Defendant's Assault charges in Counts Two through Five.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE